# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **TIMOTHY ANDERSON and** )<br>**AMANDA ANDERSON,** )<br>                                       )<br>           **Plaintiffs,**        )<br>                                       )<br>**vs.**                                 )     **CIVIL ACTION NO 08-0640-KD-M**<br>                                       )<br>**BAYSIDE RECOVERY SERVICES, INC.,** )<br>                                       )<br>           **Defendant.**        ) | |

## ORDER

This action is before the Court on plaintiffs Timothy and Amanda Anderson's motion for award of attorney fees, the response filed by defendant Bayside Recovery Services, Inc., and plaintiffs' reply (docs. 15, 17, 18).  Upon consideration and for the reasons set forth, the motion is **GRANTED in part** and $2,137.50 is awarded to plaintiffs as a reasonable attorney's fee.[1]

I.     Background

The Andersons filed a complaint against Bayside Recovery, Inc., alleging violations of the Fair Debt Collection Practices Act (FDCPA), and alleging state law claims for negligent training and supervision, reckless and wanton training and supervision, and invasion of privacy. Defendant Bayside offered judgment in the amount of $1,000.00 as to Count One for violations of the FDCPA and $50.00 to address the remaining Counts of the complaint.  On April 6, 2009, based upon the offer of judgment and plaintiffs' acceptance, this Court entered judgment in favor of plaintiffs in the amount of $1,050.00 in actual and statutory damages.  The Court retained

---

[1] Defendant has paid to plaintiffs $350.00 for costs of court.

jurisdiction for the purpose of determining a reasonable attorney's fee. Plaintiffs filed their motion for award of attorney fees, defendant filed its response, and plaintiffs filed their reply.

    II.       Statement of the Law

The Fair Debt Collection Practices Act provides that

> in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

15 U.S.C. § 1692k(a)(3).

The Court of Appeals for the Eleventh Circuit explained the method for award of attorney fees under the FDCPA, in Moton v. Nathan & Nathan, P.C., stating as follows:

> The FDCPA authorizes an award to any successful plaintiff of the costs of the action and a "reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). In interpreting this provision, we have held that Supreme Court precedent in the civil rights fee-shifting context is applicable. [Hollis v. Roberts, 984 F.2d 1159, 1161 (11th Cir. 1993)] ("Although [Blum v. Stenson, 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984) ] was decided in the context of the civil rights fee-shifting statute, its principles are equally applicable here."). Under the Supreme Court's approach, we said, "[t]he initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." Id. (quoting Blum, 465 U.S. at 888, 104 S.Ct. 1541). In addition, "'reasonable fees' under § 1988 are to be calculated according to the prevailing market rates in the relevant community." Id. (quoting Blum, 465 U.S. at 888, 104 S.Ct. 1541). Our clear precedent thus requires a district court, when awarding attorneys' fees under the FDCPA-like under the typical fee-shifting statute-to do the following:
>
>> The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate. This "lodestar" may then be adjusted for the results obtained. Although a district court has wide discretion in performing these calculations, the court's order on attorney's fees must allow meaningful review-the district court must articulate the decisions it made, give principled reasons for those decisions, and show its calculation.

>Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir.1994) (citations and quotations omitted).

Moton, 297 Fed.Appx. 930, 931-932 (11th Cir. 2008).

The Eleventh Circuit has also held that the factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), may be applied to determine a reasonable hourly rate. See Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1299-1300 (11th Cir. 1988) ("We still believe that at least some of the Johnson factors have utility in establishing the hourly rate. In evaluating comparability of the market rates being attested to, the district court may wish to consider any of the Johnson factors to the extent that they suggest that comparables offered may not be relevant to the issues before the court or as they may affect the weight to be given to the comparables being offered the court.").

"The Johnson factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." Association of Disabled Americans v. Neptune Designs, Inc., 469 F.3d 1357, 1359 (11th Cir. 2006) citing Johnson, 488 F.2d at 717-19. Moreover, the Eleventh Circuit has stated that "district courts must briefly explain the findings on which the award is based, including a description of how each of the twelve Johnson factors affected the decision." In re Holywell Corp., 967 F.2d 568, 571-572 (11th Cir. 1992) (citations and internal alterations and quotations omitted).

Plaintiffs have the burden to establish their entitlement to an attorney's fee and also to provide documentation of a reasonable hourly rate and hours expended. See American Civil Liberties Union of Georgia v. Barnes, 168 F.3d 423, 427 (11th Cir.1999); Coastal Fuels Marketing, Inc. v. Florida Exp. Shipping Co., Inc., 207 F.3d 1247, 1252 (11th Cir. 2000) (finding that plaintiff has the burden of producing satisfactory evidence that the hourly rate submitted is in accord with market rates for the area.). To meet this burden, plaintiffs may produce "either direct evidence of rates charged under similar circumstances or opinion evidence of reasonable rates." Duckworth v. Whisenant, 97 F.3d 1393, 1395 (11th Cir. 1996) citing Norman, 836 F. 2d at 1299. However, the district court may rely upon its own knowledge and experience concerning the rates charged by comparable attorneys. Norman, 836 F.2d at 1303 ("The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonableness and proper fees and may form an independent judgment with or without the aid of witnesses as to value.")

   III.   Analysis

Plaintiffs argue that a reasonable hourly rate for their counsel Michael W. Lindsey and W. Whitney Seals is $275.00. They argue that Lindsey is entitled to a fee of $3,190.00 for 11.6 hours of work and Seals is entitled to a fee of $1,045.00 for 3.8 hours of work because plaintiffs obtained the maximum statutory damages and not just nominal damages. In addition, plaintiffs argue that Lindsey is entitled to a fee of $797.50 for 2.9 hours of work on the motion for attorney's fee and Seals is entitled to a fee of $1,567.50 for 5.7 hours of work on the reply. The total attorney's fee sought by plaintiffs is $6,600.00.

Overall, defendant argues that no fee is appropriate considering the technical victory and

only nominal damages obtained by plaintiffs as the prevailing party. Defendant argues that plaintiffs had very limited success before engaging in formal discovery and accepted an award of $1,000, or the maximum statutory amount for a technical violation. Defendant points out that plaintiffs' counsel seek fees almost five times the statutory amount recovered before adding the fee for preparation of the reply.

A.  Reasonable hourly rate

In support of their claim that their attorneys are entitled to a reasonable hourly rate of $275.00, plaintiffs provide their counsel's affidavits and the affidavit of Stan Herring. Lindsey and Seals state that $275.00 is a reasonable hourly fee based upon their skill, expertise, and experience as consumer law specialists handling FDCPA cases and other cases brought pursuant to consumer protection statutes.[2] Lindsey and Seals maintain their law offices in Birmingham, Alabama and offer a decision of the District Court for the Northern District of Alabama as supporting evidence of the reasonableness of their claimed rate. Lindsey graduated from law school in 2004, worked as an associate for a year, and then formed his solo practice in 2005 in Birmingham, Alabama. Seals graduated in 2004 and is currently an associate at law firm in Birmingham, Alabama. Both Lindsey and Seals began to practice in the area of consumer law in 2007 (docs. 1-2 and 15-3).

Herring states that based upon his experience as a consumer law specialist since 2005 in Birmingham, Alabama, the reasonable hourly market rate in Alabama for litigating consumer cases as ranging from a minimum of $225.00 to a maximum of $325.00 per hour. Herring also

---

[2] Plaintiffs allege that Lindsey and Seals have litigated fifty such cases together and another fifteen to twenty each individually.

states that the higher end of this range applies to Lindsey and Seals because of their skill and growing expertise in consumer cases, the increased cost of federal court litigation, the difficulty in successfully litigating consumer cases, and because few attorneys will represent low income consumers on a contingency basis under a fee shifting statute.

Defendant argues that the Court should question the requested hourly rate of $275.00. Defendant argues that plaintiffs' counsel both claim to be experienced FDCPA attorneys but in 2008 when this suit was filed, they had practiced in this area of law only since 2007 (doc. 15-2, 15-3, counsel's affidavits).

As an initial consideration, the parties do not provide the Court with any evidence as to the reasonable hourly rate in the Southern District of Alabama. The comparable hourly rate offered by way of Herring's affidavit[3] is applicable to the Northern District of Alabama and plaintiffs' counsel provide the Court with reference to a decision of the District Court for the Northern District of Alabama. "The general rule is that the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is 'the place where the case is filed.'" ACLU of Georgia, 168 F.3d at 437 (citation omitted); see Norman, 836 F. 2d at 1303 ("In evaluating comparability of the market rates being attested to, the district court may wish to consider any of the Johnson factors to the extent that . . . they may affect the weight to be given to the comparables being offered the court.")

---

[3] Herring states that he has practiced law for twelve years and that for the past five years he has donated 90% of his practice to consumer protection law. Norman directs that when plaintiffs rely upon opinion evidence, "[t]he weight to be given 'such evidence' will be affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge." Id. at 1299. While Herring and plaintiffs' counsel may both practice in the area of consumer law, their experience and likely their skill and reputation is not comparable.

Additionally, in order for the Court to award a non-local hourly rate, plaintiffs must show "a lack of attorneys practicing in [the Southern District] who are willing and able to handle [their] claims." Id. (citations omitted) ("If a fee applicant desires to recover the non-local rates of an attorney who is not from the place in which the case was filed, he must show a lack of attorneys practicing in that place who are willing and able to handle his claims."). Although plaintiffs assert that attorneys generally shun these undesirable cases and that they have filed three of the eight FDCPA cases filed in this court since August of 2008, they have not met their burden of showing that attorneys in the Southern District are not willing to take this type of case. Id. (finding that district court erred by awarding non-local rates without finding that plaintiffs had carried this burden).

The Court recently addressed the issue of a reasonable hourly rate in the Southern District of Alabama and found that an associate at a local law firm with two additional years of practice than plaintiffs' counsel was entitled to an hourly rate of $155.00.[4] (Report and Recommendation, doc. 95, p. 49-51, Civil Action No. 08-0342-KD, adopted at doc. 102). Also, while plaintiffs' counsel assert that they are experts in the field of consumer law and have attended seminars to enhance their skill, both admit to having practiced in the area of the Fair Debt Collection Practices Act only since 2007.[5] Thus, the Court acting as "an expert on the question" and considering "its own knowledge and experience concerning reasonableness and

---

[4] Rick LaTrace is an associate at a Mobile, Alabama law firm and graduated law school in 2002 (doc. 95, p. 34, n.8.)

[5] "I am an experienced FDCPA attorney and have practiced in this area since 2007." (Doc. 15-2, p. 2). "I am an experienced FCDPA attorney and have practiced in this area since 2007." (Dc. 15-3, p. 2).

proper fees" has formed its "independent judgment" that a reasonable attorney fee for Lindsey and Seals in this case, is $155.00 per hour. Norman, 836 F.2d at 1299-1300.

  B.  Reasonable hours

As to the hours expended, plaintiffs' counsel provides billing records of the hours expended and the tasks, and Herring's affidavit[6] in support of the reasonableness of the hours. Defendant argues that the billing is generally excessive in view of the simplicity of the case, that no discovery was taken, that there is duplication of efforts between the attorneys, and improper submission of time spent performing non-billable clerical tasks.[7] Defendant points out that plaintiffs' counsel collectively spent 6.5 hours to research and draft an ordinary FDCPA complaint in an area of law wherein they claim to be experts, spent 1.1 hours conferencing with a third attorney, and then spent 1.4 hours reviewing and discussing the defendant's answer, which defendant believes to be either redundant, unnecessary, or excessive.

In determining whether the hours expended are reasonable, the Court should not include any hours which are "excessive, redundant, or otherwise unnecessary". Norman, 836 F. 2d at 1301. When awarding an attorney's fee, the "[c]ourts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." ACLU of Georgia, 168 F.3d at 428. The Court expects counsel to "exercise billing judgment" and exclude those hours that are

---

[6] Herring offered his opinion that the amount of time spent by Lindsey and Seals was sufficient, appropriate, and within the norm for this type of case and the results obtained.

[7] Defendant points out that plaintiffs' attorneys billed approximately 1.7 hours for tasks reasonably performed by support staff (drafting the summon, certified mail request, civil cover sheet, corresponding with the Clerk or Court, and filing the complaint).

excessive, redundant, or unnecessary, i.e., hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." Id. Thus, the Court must exclude any hours that are not reasonably expended. Id. Additionally, the Eleventh Circuit has recognized that "[t]here is nothing inherently unreasonable about a client having multiple attorneys, and they may all be compensated if they are not unreasonably doing the same work and are being compensated for the distinct contribution of each lawyer." Norman, 836 F.2d at 1302; ACLU of Georgia, 168 F.3d at 432.

Certain time entries are redundant and due to be reduced because a single attorney could have addressed the issues identified in the time entry and because the entry does not identify a distinct contribution of each attorney. On October 27, 2008, December 15, 2008, and January 5, 2009, counsel conferred or discussed the complaint, additional claims, the answer and defenses, settlement considerations and the progress of the case, collectively logging 1.6 hours, 1.2 hours, and 1.2 hours respectively for a total of 4.0 hours. The Court excludes 2.0 hours, leaving a balance of 2.0 hours.

Certain time entries are excessive or otherwise unnecessary and due to be reduced. Counsel logged 1.4 hours for research, 2.4 hours to draft the complaint, and .7 hours to prepare the final complaint for a total of 4.5 hours. The Court excludes 2.3 hours leaving a balance of 2.2 hours. Counsel stated that they have collectively handled fifty similar cases and at least fifteen to twenty similar cases individually, thus, the amount of time to research and draft the nine page complaint appears excessive. Also, plaintiffs provide no evidence that the claims raised in their complaint were novel or difficult to prosecute (although they did assert that their claim was fact-specific) or that taking this case precluded their attorneys from employment in

other cases, or that any time limits were imposed upon counsel by either the circumstances or the client.

Counsel cannot recover at an attorneys' hourly rate for time spent performing tasks which could be performed by a paralegal. Norman, 836 F.2d at 1306 (". . . it is equally true that a fee applicant is not entitled to compensation at an attorney's rate simply because an attorney undertook tasks which were mundane, clerical or which did not require the full exercise of an attorney's education and judgment. Where such an adjustment is made the district court must provide an identification of the hours falling within this category or at least point to circumstantial evidence from which it infers that substantial work of this nature was done.); Allen v. U.S. Steel Corp., 665 F.2d 689, 697 (5th Cir.1982) (paralegal fees may be recovered "only to the extent that the paralegal performs work traditionally done by an attorney").  Time entries for two fact-gathering phone conferences - one with plaintiffs' aunt and one with plaintiffs' brother - totaling 0.6 hours and time entries for preparing the Herring and Lindsey affidavits totaling 0.8 hours, indicate work which is typically performed by a paralegal. See Missouri v. Jenkins, 491 U.S. 274, 288 n. 10, 109 S.Ct. 2463 (1989) (recognizing that "factual investigation, including locating and interviewing witnesses" may be performed by a paralegal); Norman, 836 F.2d at 1306 ("the trial judge can judicially notice a rate for bookkeeping work or work customarily done by paralegals").  Also, the time entries indicate that 0.9 hours were spent researching court activity and consumer complaints involving the defendant, 0.5 hours were spent preparing the summons, certified mail, and cover sheet, 0.5 hours were spent corresponding with the Court and filing the complaint and other case initiating documents, 0.2 hours were spent in receipt and filing of the proof of service, 0.1 hours were spent obtaining

information from the client for the settlement, and 0.1 hours were spent emailing opposing counsel about the status of the client's check. Therefore, the hourly rate for these time entries, totaling 3.7 hours, is reduced to a paralegal rate of $75.00 per hour.[8]

Counsel may recover for the reasonable hours spent in applying for an award of attorneys fees. Sheet Metal Workers' Int'l Ass'n Local 15, AFL-CIO v. Law Fabrication, LLC, 237 Fed. Appx. 543 (11th Cir. 2007) ( "federal statutory fee-shifting provisions ordinarily authorize fees on fees"); see Martin v. University of South Alabama, 911 F.2d 604, 610 (11th Cir. 1990) ("It is well settled that time expended litigating attorney fees is fully compensable."). However, this time is subject to the same analysis as to reasonableness as the hours expended prosecuting the case. In that regard, counsel spent 2.1 hours preparing the fee application. The Court finds this time to be excessive, in view of counsel's past experience in FDCPA cases, and reduces these hours to 1 hour. Counsel also spent 5.7 hours to research and prepare the reply brief. Counsel has presented no argument that the issues raised in the response which necessitated the reply were novel or difficult. The Court finds the time expended to research the issues, 0.8 hours to be reasonable, but the time expended to prepare the reply brief, 4.9 hours, is excessive in view of counsel's past experience in FDCPA cases, and reduces these hours to 2 hours.

    C.    Determining the lodestar

    1.    Time spent in litigation

| | |
|---|---|
| Counsels' total hours for litigation | 15.4 |
| Hours excluded as either excessive, redundant or otherwise unnecessary | 4.3 |

---

[8] In 2007, this Court entered an award of $75.00 as the reasonable hourly rate for a paralegal in the Mobile, Alabama area.

| | | | |
|---|---|---|---|
| Sub-total | | 11.1 | |
| Hours allowed at the paralegal rate | | <u>2.9</u> | |
| Total | | 8.2 | |
| 2.9 hours x $75.00 = | $   217.50 | | |
| 8.2 hours x $155.00 = | <u>$ 1,271.00</u> | | |
| Fee | $ 1,488.50 | | $1,488.50 |

2.   <u>Time spent preparing the fee petition</u>

| | | | |
|---|---|---|---|
| Counsel's total hours for the fee petition | | 2.9 | |
| Hours excluded as excessive | | <u>1.1</u> | |
| Sub-total | | 1.8 | |
| Hours allowed at the paralegal rate | | <u>0.8</u> | |
| Total | | 1.0 | |
| 0.8 hours x $75.00 = | $    60.00 | | |
| 1.0 hours x $155.00 = | <u>$   155.00</u> | | |
| Fee | $   215.00 | | $   215.00 |

3.   <u>Time spent preparing the reply</u>

| | | | |
|---|---|---|---|
| Counsel's total hours for reply | | 5.7 | |
| Hours excluded as excessive | | <u>2.9</u> | |
| Total | | 2.8 | |
| 2.8 hours x $155.00 = | $   434.00 | | <u>$   434.00</u> |

4.   <u>Total fee</u>                                                                                     $2,137.50

D.    Adjustments to the lodestar

Upon consideration of the results obtains, the Court finds that no further adjustments to the lodestar are necessary.  See Loranger v. Stierhem, 10 F. 3d 776, 781 (11th Cir. 1994) ("The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate.  This 'lodestar' may then be adjusted for the results obtained.")  Plaintiffs' counsels' billing records indicate that plaintiffs were brought to them by an attorney in the Southern District; thus, it does not appear that the nature or length of their professional relationship weighs in favor of any adjustment to the lodestar.  As to awards in similar cases, plaintiffs have presented the court with evidence of other cases in other districts wherein awards of $1,000 or less as damages have resulted in an award of attorney fees greatly in excess of the statutory amount but several of these cases involve awards of attorney fees after trial or at a substantially progressed stage of litigation as opposed to the case before this Court wherein the offer of judgment was accepted before any discovery was conducted.  Thus, the amount of awards in similar cases is not a strong factor for an upward adjustment to the lodestar.[9]

Although, plaintiffs success may have been nominal or partial because they received $50.00 more than the $1,000.00 statutory maximum, nominal damages may support an award of attorneys fees.  The Court also considered persuasive plaintiffs' argument that there is an important benefit to the public resulting from suits which encourage compliance with statutory provisions and that without the fee shifting provision, there would be no incentive for attorneys

---

[9] The Johnson case factors also include "whether the fee is fixed or contingent".  This factor is not relevant to the motion before the Court which addresses neither a fixed nor contingent fee.

to take this undesirable type of case.   Accordingly, and for the reasons set forth herein, plaintiffs' motion is **GRANTED in part** and plaintiffs are awarded a reasonable attorney's fees in the amount of $2,137.50.

   **DONE** and **ORDERED** this the 24th day of September, 2009.

             **s/ Kristi K. DuBose**
             **KRISTI K. DuBOSE**
             **UNITED STATES DISTRICT JUDGE**